No. 3742

Second Circuit

(Second Division)

GRONER v. SHREVEPORT RYS. CO., INC.

(December 9, 1931.  Opinion and Decree.)

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for plaintiff, appellee.

Reynolds, Hamiter & Hendrick, of Shreveport, attorneys for defendant, appellant.

STEPHENS, J.  The plaintiff sues to recover damages in the sum of $260 for personal injury alleged to have been sustained as a result of his having fallen into a ditch that had been dug by the defendant and left unguarded.

The defendant answered denying generally the allegations of plaintiff's petition and averring that the ditch referred to was on its private property, and that the accident resulted solely from the carelessness and want of care on the part of plaintiff; and in the alternative if it be found guilty of negligence that plaintiff's negligence bars recovery.

The judgment of the city court of the city of Shreveport, La., was in favor of the defendant, and the plaintiff prosecutes this appeal.

The defendant company is a common carrier of passengers in the city of Shreveport, La.  At a point on Jordan street between Southern avenue and Fairfield avenue, and about 250 feet from the former and 400 feet from the latter, the tracks of the defendant company turn at right angles in a southerly direction and proceed on its private property to Jacobs street, which is the next street south and parallel to Jordan street.  More than six months prior to the accident, the defendant dug the ditch referred to in plaintiff's petition, under and across its tracks at a point about midway between Jordan street and Jacobs street. The ditch was approximately 12 inches deep and 18 inches wide, and was constructed for drainage purposes.  Pedestrians used the tracks to some extent if they supplied a shorter route to their destinations.  There was no express invitation to pedestrians to use the tracks, nor an invitation which might be implied from the conditions existing; nor were there any warning signs that the tracks should not be used by the walking public.

The plaintiff had frequently used the tracks of the defendant at this point as a convenient passageway to walk to his home.  He had frequently seen the ditch prior to the accident and was familiar with its proportions.  On the day of the accident, shortly after dark, he left a street

car operated by the defendant at the point where it turned south from Jordan street, made some purchases at a nearby grocery store, and proceeded along the path between the said tracks toward Jacobs street. There was no artificial light near the scene of the accident, and at the time he fell he had the ditch in mind and was looking for it, but failed to see it because of the darkness, in time to avoid the accident and injury.

With this undisputed state of facts before us, we consider it unnecessary to determine whether the plaintiff's relationship to the defendant was that of licensee or trespasser. If he was a trespasser the defendant owed him no duty other than not to willfully injure him. If he was a licensee, irrespective of the question of defendant's negligence, he could not recover because of his own negligence.

The plaintiff knew of the dangerous condition of the passageway which he deliberately chose to use. He may have walked a distance of 250 feet to the corner of Southern avenue and made use of a safe and lighted passageway leading in the same direction and provided for the purpose.

The plaintiff failed to observe ordinary care in choosing an unsafe passageway when a safe and convenient one leading in the same direction was available.

His failure in this respect was negligence which contributed to the resulting accident. See W. B. Pepper v. Southern Bell Telephone & Telegraph Company, Inc., et al., 18 La. App. 257, 137 So. 610, decided by this court November 18, 1931, and cases therein cited.

We are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed.